IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 07-cv-00479-LTB

BILLIE ELLIS,

    Plaintiff,

v.

THE OHIO MATTRESS COMPANY
LICENSING AND COMPONENTS GROUP,
d.b.a. SEALY COMPONENTS GROUP, INC.,
a foreign corporation,

    Defendant.

_____

ORDER
_____

This race and gender discrimination case is before me on Defendant, The Ohio Mattress Company Licensing and Components Group, d.b.a. Sealy Components Group, Inc.'s, Motion to Dismiss [**Docket # 6**], and accompanying Brief [**Docket # 7**]; Plaintiff, Billie Ellis's, Brief in Opposition [**Docket # 9**]; and Defendant's Reply [**Docket # 10**]. Defendant seeks dismissal of Count IV ("42 U.S.C. § 1981 - Gender Discrimination"), partial dismissal of Count V ("Title VII of the Civil Rights Act; 42 U.S.C. § 1981 - Retaliation"), and dismissal of Count VI ("Breach of Express and Implied Contract") of Plaintiff's Complaint [**Docket # 1**]. Oral arguments would not materially assist in the determination of these motions. After consideration of the motions and the case file, I GRANT Defendant's Motion to Dismiss [**Docket # 6**] Count IV of Plaintiff's Complaint [**Docket # 1**] and DENY Defendant's Motion to Dismiss Counts V and VI of Plaintiff's Complaint.

I.  Background

Plaintiff Billie Ellis is an African-American female.  She has been an employee of Defendant, a mattress manufacturer with a place of business in Colorado Springs, Colorado, since March 2000.  Plaintiff filed her Complaint on March 10, 2007, alleging seven causes of action arising from unlawful employment practices.  According to Plaintiff's complaint, these unlawful practices include adverse employment actions, unfavorable treatment, and verbal and physical harassment due to her race and gender.  Plaintiff alleges she made numerous complaints to her supervisors.  Rather than remedy the unlawful practices, her supervisors responded with retaliation.  Plaintiff filed a Charge of Discrimination with the EEOC and was issued a Notice of Right to Sue on December 13, 2006.

Defendant requests this Court dismiss Counts IV and VI of Plaintiff's claim, and dismiss in part Count V of Plaintiff's claim.  Count IV is entitled "42 U.S.C. § 1981 - Gender Discrimination."  Defendant argues that 42 U.S.C. § 1981 does not provide a remedy for gender discrimination.  Count V is entitled "Title VII of the Civil Rights Act; 42 U.S.C. § 1981 - Retaliation."  Defendant argues that, as § 1981 does not provide a remedy for gender discrimination, § 1981 likewise does not provide a remedy for gender discrimination retaliation.  Count VI is entitled "Breach of Express and Implied Contract."  Defendant argues that Title VII preempts any breach of contract claims based on the same facts or legal theories as Plaintiff's Title VII claims, and any implied contractual promise to not discriminate on the basis of race or gender is illusory.

II.  Standard of Review

The Federal Rules of Civil Procedure erect a powerful presumption against rejecting

pleadings for failure to state a claim. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *Id*. When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept as true all factual allegations in the complaint. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). A district court should dismiss the complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *Id*. at 1964–65, 1969 (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44–45 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### III.  Count IV: 42 U.S.C. § 1981 - Gender Discrimination

Some case law supports Plaintiff's argument that § 1981 can afford the basis for a sex discrimination case. One clear example is the Seventh Circuit ruling that "if race *or sex* discrimination is the reason why [a defendant] did not award a subcontract to [a plaintiff], then § 1981 provides relief." *Rapid Test Prods., Inc. v. Durham Sch. Servs., Inc.*, 460 F.3d 859, 860 (7th Cir. 2006) (emphasis added); *see also Taylor v. Nat'l Group of Cos., Inc.*, 872 F. Supp. 462 (N.D. Ohio 1994) (allowing plaintiff to proceed on a sexual harassment claim under § 1981). However, the great weight of authority holds otherwise. The Tenth Circuit and the United States Supreme Court have both held that § 1981 only applies to discrimination based on race, and does

not apply to discrimination based on gender. *Runyon v. McCrary*, 427 U.S. 160, 167 (1976); *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 n.3 (10th Cir. 1993); *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir. 1979).

Plaintiff argues that the gender-based discrimination she experienced was so intertwined with race-based discrimination that it gives rise to a § 1981 claim for gender discrimination. It is sometimes difficult to ascertain whether a particular act was motivated by gender discrimination or race discrimination. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462–63 (5th Cir. 1970). Case law and scholarly commentary support the idea that some facially gender-based discrimination is actually motivated by racial animus, while some facially race-based discrimination is actually motivated by gender animus. *See, e.g., Hill v. Am. Gen. Fin., Inc.*, 218 F.3d 639 (7th Cir. 2000); *Brooms v. Regal Tube Co.*, 881 F.2d 412 (7th Cir. 1989); Judith A. Winston, *Mirror, Mirror on the Wall: Title VII, Section 1981, and the Intersection of Race and Gender in the Civil Rights Act of 1990*, 79 CAL. L. REV. 775, 796–97 (1991). However, none of these authorities support Plaintiff's argument that § 1981 allows a remedy for gender discrimination claims merely because they are intertwined with, or inseparable from, race discrimination.

Even accepting all of Plaintiff's factual allegations as true, the law is clear: the Tenth Circuit does not allow gender discrimination claims under § 1981. If this is a case of facially gender-based discrimination actually motivated by racial animus, Plaintiff has a remedy under § 1981 or Title VII for race discrimination. If this is a case of facially race-based discrimination actually motivated by gender animus, Plaintiff has a remedy under Title VII for gender discrimination. Perhaps, as *Sanchez* recognized, the line between the two is obscure. Still, this

does not allow Plaintiff to pursue her gender discrimination claims under § 1981.  Defendant's motion to dismiss Count IV is granted.

### IV.  Count V: Title VII of the Civil Rights Act; 42 U.S.C. § 1981 - Retaliation

In light of my holding above, Plaintiff has no cognizable claim for retaliation under § 1981 for filing a sexual harassment complaint against her co-workers and supervisors.  However, as the language of Count V does not assert such a claim, Defendant's motion to dismiss Count V is denied.

### V.  Count VI: Breach of Express and Implied Contract

Defendant argues that Plaintiff's breach of contract claims fail for want of reliance or consideration because the breach alleged amounts to nothing more than a failure to adhere to the mandates of Title VII, something Defendant was already obligated to do.  *See Endahl v. Vinnell Corp.*, No. 04-cv-00426-MSK-PAC, 2006 WL 57496 (D. Colo. Jan. 10, 2006); *Gorkin v. Vinnell Corp.*, No. 03-cv-02287-WDM-PAC, 2006 WL 517645 (D. Colo. Mar. 2, 2006).  Thus, Defendant argues, because the breach of contract claim does not allege any facts or legal theories independent of the purposes and objectives of Title VII, it is preempted and should be dismissed. *See Price v. Pub. Serv. Co. of Colo.*, 850 F. Supp. 934 (D. Colo. 1994) [hereinafter *Price v. Public Service*], *rev'd on other grounds*, 1996 WL 364620 (10th Cir. June 19, 1996) (unpublished decision).  I disagree.  Title VII allows an individual to pursue her rights under both Title VII and other applicable state and federal statutes.  *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48 (1974).

An employer's promise not to discriminate on the basis or race, color, or gender is not *per se* illusory.  *See Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1394, 1397 (D. Colo. 1991).

Defendant's reliance on *Endahl* and *Gorkin* is unavailing. The contracts at issue in *Gorkin* and *Endahl* stated the employer would administer personnel decisions "in compliance with all federal, state, and local employment laws." *Endahl*, *supra*, 2006 WL 57496, at *9; *Gorkin*, *supra*, 2006 WL 517645, at *5. Assuming the facts in Plaintiff's complaint to be true, the Defendant here promised it would not discriminate against Plaintiff on the basis of her race, color, or gender. This type of promise is more specific that a general promise to abide by the law. *See Stahl*, 775 F. Supp. at 1396 (citing *Tuttle v. ANR Freight Sys., Inc.*, 797 P.2d 825, 828 (Colo. Ct. App. 1990)). Instead, such a promise could be seen as a commitment to maintaining a workplace free of gender and race-based harassment above and beyond the bare legal minimum. *See Tuttle*, 797 P.2d at 828. If a promise could reasonably be considered as a commitment to act in a certain manner, it may be enforceable under a promissory estoppel theory. *See Endahl*, 2006 WL 57496, at *9. Plaintiff—who is a member of two groups that have historically been discriminated against in the workplace—could certainly have relied upon such a promise when choosing or continuing employment with Defendant. *See Stahl*, 775 F. Supp. at 1396 (citing *Tuttle*, 797 P.2d at 828). Indeed, her complaint alleges this precise fact, which I must assume to be true.

In a private employment discrimination action, Title VII does not subsume or preempt an employee's state law breach of contract claims. *Atsepoyi v. Tandy Corp.*, 51 F. Supp. 2d 1120, 1123 (D. Colo. 1999); *Visor v. Sprint/United Mgmt. Co.*, 965 F. Supp. 31, 33 (D. Colo. 1997). Defendant's reliance on *Price v. Public Service* is misplaced. *Price v. Public Service* was reversed by the Tenth Circuit, its preemption holding has never been followed by any court—although it has been specifically rejected—and the authorities it cites do not support its ultimate conclusion. *See Visor*, 965 F. Supp. at 32–33.

*Price v. Public Service* holds that where the plaintiff's state law tort claim arises out of the same set of facts as the plaintiff's discrimination claim, the state law claim will not survive unless it alleges facts or theories distinct from the discrimination. *Price v. Public Service*, *supra*, 850 F. Supp. at 951 (citing *Baird v. Haith*, 724 F. Supp. 367, 373 (D. Md. 1988)). *Baird*, however, involved allegations that the plaintiff, a *federal employee*, was specifically informed she would not be required to work on the Sabbath and that she relied on this promise in accepting employment. *See Baird*, 724 F. Supp. at 374. *Baird* found these allegations sufficiently distinct to allow the plaintiff to pursue a separate claim for breach of contract. *Id*. *Baird* was decided under the rubric of the Supreme Court's holding in *Brown v. General Services Administration*, 425 U.S. 820 (1976), that 42 U.S.C. § 2000e-16 provides the exclusive judicial remedy for claims of discrimination in *federal employment*. *Brown* itself holds that a *privately employed* individual may "pursue independently his rights under both Title VII and other applicable state and federal statutes." *Brown*, 425 U.S. at 833 (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 459 (1975)).

*Price v. Public Service* cites to *Price v. Federal Express Corp.*, 660 F. Supp. 1388, 1395 (D. Colo. 1987) [hereinafter *Price v. Federal Express*], for the proposition that "there is no virtue in pleading a profusion of claims for relief when the law provides a well-established and straightforward remedy." *Price v. Public Service*, *supra*, 850 F. Supp. at 950. *Price v. Federal Express*, however, allowed the plaintiff to proceed on both race discrimination claims and breach of contract claims arising out of the same course of defendant's conduct. *Price v. Federal Express*, 660 F. Supp. at 1390–95. The only claim rejected by *Price v. Federal Express* was a claim for outrageous conduct: "In the instant case, claims for relief based on breach of contract

and civil rights violations provide the remedies contemplated by established law." *Id*. at 1395. Notably, *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147 (10th Cir. 1992), cited in *Price v. Public Service* for the proposition that "[w]here a plaintiff asserts a tort claim that rests on the same facts as a Title VII discrimination claim asserted in the action, the tort claim will not survive," also rejected an outrageous conduct claim while allowing a Title VII discrimination claim to move forward. *Cook* did not involve a breach of contract claim. In light of the above, and in light of the fact that the only case discussing the *Price v. Public Service* rule argued by Defendant specifically disavows such a rule in the context of a state law breach of contract claim, *see Visor*, 965 F. Supp. at 33 ("the subsumption doctrine . . . "adopted" by Judge Sparr in *Price* has no bearing on [Plaintif's] state claims"), I find Plaintiff's breach of contract claims are not preempted or subsumed by Title VII.

Plaintiff alleges that Defendant promised not to discriminate against her based on her race or gender, and that she relied on that promise in continuing to offer her services as an employee of Defendant. Both *Stahl*, *supra*, 775 F. Supp. at 1396, and *Tuttle*, *supra*, 797 P.2d at 828, demonstrate that Plaintiff's breach of contract claim includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 194. It is disingenuous for defendant to argue that such a promise has no legal significance and, therefore, cannot amount to consideration or justified reliance for the formation of an employment contract. *Tuttle*, 797 P.2d at 828. Defendant's motion to dismiss Count VI is denied.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss [**Docket # 6**] is GRANTED as to Count IV of Plaintiff's Complaint [**Docket # 1**] and DENIED as to Counts V and VI of Plaintiff's Complaint.

Dated: August __17__, 2007, in Denver, Colorado.

                                    BY THE COURT:

                                    s/Lewis T. Babcock  
                                    LEWIS T. BABCOCK, JUDGE