## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-479-LTB-BNB

BILLIE ELLIS,

        Plaintiff,

v.

THE OHIO MATTRESS COMPANY
LICENSING AND COMPONENTS GROUP,
d/b/a SEALY COMPONENTS GROUP, INC.,

        Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Billie Ellis and Defendant The Ohio Mattress Company Licensing and Components Group, d/b/a Sealy Components Group, Inc. ("Parties to the Litigation"), by and through their respective undersigned counsel, hereby stipulate and agree to this Protective Order.

1. This Protective Order shall apply to the production of documents by Defendant Sealy Components Group, Inc. ("Sealy") to Plaintiff which consist of the personnel files of Edward Burton, Steve Buckhorn and Shaunn Jackson. This information is contained in the personnel files and contains sensitive and personal information (hereinafter referred to as "Protected Materials"). The documents subject to this Protective Order will be marked "Confidential – Attorneys' Eyes Only."

2. Access to the Protected Materials shall be limited to the attorneys of record for use in the preparation or trial of the above-captioned civil action. Nothing in this Stipulation and Protective Order is intended, however, to limit the rights of Defendant to disseminate or disclose its own information or documents to others. Rather, the limitations imposed by this Protective Order apply to Plaintiff.

3. Neither the Parties to the Litigation nor their attorneys or experts shall disclose the Protected Materials to any person or entity except as provided in paragraph 4.

4. The contents of the Protected Materials subject to this Protective Order may be referred to and used in depositions, pleadings, briefs, or memoranda filed with the Court, and the Protected Materials may be made exhibits to such pleadings, briefs, memoranda or depositions. Nothing herein shall preclude any party from asking the Court to enter an order sealing a pleading, brief, or memorandum which refers to Protected Materials or any pleading, brief or memorandum to which any Protected Material is attached as an exhibit.

5. Nothing herein shall affect or inhibit the right of any party to offer into evidence at trial the information or documents protected herein, or to object to the admission into evidence of any such information or documents.

6. At the conclusion of this case, Plaintiff shall promptly return to Defendant's attorney all Protected Materials.

7. This Protective Order shall not apply to any information or document that is a matter of public record or in the public domain.

Respectfully submitted,

s/Jessica L. West
Jessica L. West
jessica@smithandwest.com
James S. Brennan
james@smithandwest.com
Ari Krichiver
ari@smithandwest.com
Smith & West, LLC
Blake Street Terrace
1860 Blake Street, Suite 420
Denver, CO 80202
(303) 391-0100 (Telephone)
(303) 391-0102 (Facsimile)

Counsel for Plaintiff

s/Joseph P. Milcoff
Catherine S. Ryan
cryan@reedsmith.com
Joseph P. Milcoff
jmilcoff@reedsmith.com
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-4226/4108 (Telephone)
(412) 288-3063 (Facsimile)

Charles W. Weese
Geri K. House
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Counsel for Defendant

IT IS SO ORDERED, this 23d day of January, 2008.

_____
Boyd N. Boland
United States Magistrate Judge